UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BENJAMIN HENDRICKS,** *et al.***,**

    **Plaintiffs,**

                            Civil Action 2:14-cv-1841
    **v.**                             Judge Gregory L. Frost
                               Magistrate Judge Elizabeth P. Deavers

**OHIO DEPARTMENT OF
REHABILITATION & CORRECTIONS,** *et al.***,**

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

On October 8, 2014, Plaintiffs filed their Complaint in the instant action, but failed to pay the $400.00[1] filing fee or to submit applications to proceed *in forma pauperis*. (ECF No. 1.) On October 16, 2014, the Court Ordered Plaintiffs to submit, within thirty (30) days, the required filing fee, divided equally amongst each Plaintiff, or alternatively, to file applications for leave to proceed *in forma pauperis.* (ECF No. 2.) The Court informed Plaintiffs that, if Plaintiffs failed to comply with the Order, the Court is required to assume that Plaintiffs are not paupers, and it will: (1) assess Plaintiffs the full amount of the filing fee; (2) dismiss the case for want of prosecution; and (3) not reinstate the case to the Court's active docket even if the filing fee is then paid in full. *Id*. (citing *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997)).

On December 3, 2014, Plaintiffs Dupuis, Randall, Williams, Coverdale, Lupinski, Nameth, Steidl, and Hendricks filed Motions for Leave to Proceed *in forma pauperis* under 28

---

[1]The Court notes that the filing fee is $350.00 for Plaintiffs proceeding *in forma pauperis*. The filing fee for a Civil Complaint, when *in forma pauperis* status is not granted, is $400.00.

U.S.C. § 1915(a)(1) and (2). (ECF Nos. 6-13.) At that time, Plaintiffs Austin and Carpenter filed Declarations, asserting that they turned in the required certificate and request for trust fund statements to the Pickaway Correctional Institution ("PCI") Cashier, but had received no response. (ECF Nos. 15, 17.) Accordingly, the Court directed the Cashier to complete the certificates and attach the required trust fund account statements and ordered Plaintiffs Carpenter and Austin to file their applications to proceed *in forma pauperis*, or pay their portion of the filing fee, by December 24, 2014. (ECF No. 19.) To date, Plaintiffs Carpenter and Austin have not filed an application to proceed *in forma pauperis* or paid the filing fee.

In addition, upon receiving notice that he was released from PCI, the Court ordered Plaintiff Hendricks to file a revised non-prisoner application for leave to proceed *in forma pauperis*. (ECF Nos. 20, 23.) On December 30, 2014, Plaintiff Hendricks filed his revised Motion for Leave to Proceed *in forma pauperis*. (ECF No. 24.)

## I.

Each Plaintiff in this action is proportionately liable for any fees and costs that may be assessed in this action. *In re Prison Litig. Reform Act*, 105 F.3d at 1138. "Thus, any fees and costs that the district court or the court of appeals may impose shall be equally divided among all of the prisoners." *Id*. Accordingly, given that ten Plaintiffs originally filed this lawsuit, each Plaintiff is liable for one-tenth of the filing fee.

**A.    Plaintiffs Dupuis, Randall, Williams, Coverdale, Lupinski, and Steidel**

The Motions of Plaintiffs Dupuis, Randall, Williams, Coverdale, Lupinski, and Steidl are **GRANTED**. (ECF Nos. 6, 7, 8, 9, 10, 12.) Each of the six prisoner-Plaintiffs who are

proceeding *in forma pauperis*[2] ("prisoner-IFP Plaintiffs") are required to pay $35.00, or one-tenth of the $350.00 filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of the prisoner-IFP Plaintiffs' inmate trust accounts at PCI is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust accounts or the average monthly balance in the inmate trust accounts, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmates' preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until each prisoner-IFP Plaintiff has paid $35.00, their portion of the filing fee, to the Clerk of this Court.  28 U.S.C. § 1915(b)(2).  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court.  The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoners' names and this case number must be included on each check.

It is **ORDERED** that Plaintiffs Dupuis, Randall, Williams, Coverdale, Lupinski, Steidl be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

---

[2] Steidl (Inmate No. A597544), Dupuis (Inmate No. A656015), Williams (Inmate No. A180910), Coverdale (Inmate No. A668217), Randall (Inmate No. A631725), and Lupinski (Inmate No. A137158).

3

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the prisoner IFP Plaintiffs and the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

**B.    Plaintiff Hendricks**

Plaintiff Hendricks' initial Motion for Leave to Proceed *in forma pauperis* is **DENIED** as **MOOT**.  (ECF No. 13.)  Plaintiff Hendricks' revised Motion for Leave to Proceed *in forma pauperis* is **GRANTED**.  (ECF No. 24.)  Because Plaintiff Hendricks is a non-prisoner proceeding *in forma pauperis*, his portion of the filing fee is $0.  All judicial officers who render services in this action shall do so as if the costs had been prepaid.  28 U.S.C. § 1915(a).

**C.    Plaintiff Nameth**

It is **RECOMMENDED**, however, that Plaintiff Nameth's Motion for Leave to Proceed *in forma pauperis* be **DENIED**.  (ECF No. 11.)

The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948), set forth the legal standards governing applications to proceed *in forma pauperis*.  The *Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get."  *Id. at* 339.  Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life.  *Id*.

In the instant action, Plaintiff Nameth's affidavit reveals that he currently possesses $3,555 in his prison account.  Plaintiff Nameth's portion of the $400.00 filing fee is $40.00 dollars.  Under these circumstances, Plaintiff Nameth will not suffer significant financial burdens

4

or be deprived of the necessities of life by paying his portion of the filing fee. Accordingly, it is **RECOMMENDED** that Plaintiff Nameth's Motion for Leave to Proceed *in forma pauperis* be **DENIED** and that Plaintiff be required to $40.00, his portion of the filing fee, in order to proceed in this action. (ECF No. 11.) Plaintiff Nameth must submit the requisite $40.00 filing fee within **TWENTY-ONE (21) DAYS**. Failure to do so will result in dismissal of Nameth's claims for failure to prosecute.

### D. Plaintiffs Carpenter and Austin

Plaintiffs Carpenter and Austin have failed to comply with this Court's Order to pay the filing fee or to file an application to proceed *in forma pauperis*. As a result, it is **RECOMMENDED** that Plaintiffs Carpenter and Austin be **ASSESSED** $40.00, the full amount of the filing fee for which they are responsible for, and that their claims be **DISMISSED** for want of prosecution. *In re Prison Litig. Reform Act*, 105 F.3d at 1132. Further, it is **RECOMMENDED** that their claims not be reinstated to the Court's active docket even if the filing fee is then paid in full. *Id.*

## II. PROCEDURE ON OBJECTIONS

If Plaintiffs seek review by the District Judge of this Report and Recommendation, they may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiffs are specifically advised that the failure to object to the Report and

or be deprived of the necessities of life by paying his portion of the filing fee. Accordingly, it is **RECOMMENDED** that Plaintiff Nameth's Motion for Leave to Proceed *in forma pauperis* be **DENIED** and that Plaintiff be required to $40.00, his portion of the filing fee, in order to proceed in this action. (ECF No. 11.) Plaintiff Nameth must submit the requisite $40.00 filing fee within **TWENTY-ONE (21) DAYS**. Failure to do so will result in dismissal of Nameth's claims for failure to prosecute.

### D. Plaintiffs Carpenter and Austin

Plaintiffs Carpenter and Austin have failed to comply with this Court's Order to pay the filing fee or to file an application to proceed *in forma pauperis*. As a result, it is **RECOMMENDED** that Plaintiffs Carpenter and Austin be **ASSESSED** $40.00, the full amount of the filing fee for which they are responsible for, and that their claims be **DISMISSED** for want of prosecution. *In re Prison Litig. Reform Act*, 105 F.3d at 1132. Further, it is **RECOMMENDED** that their claims not be reinstated to the Court's active docket even if the filing fee is then paid in full. *Id.*

## II. PROCEDURE ON OBJECTIONS

If Plaintiffs seek review by the District Judge of this Report and Recommendation, they may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiffs are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

### III.

The Court will conduct an initial screening of the Complaint under 28 U.S.C. § 1915A as soon as practicable to determine whether or not any claims are subject to dismissal as frivolous, malicious, failing to state a claim, or because the Complaint seeks monetary relief from a Defendant who is immune from such relief.  The Court will then enter an appropriate order and direct service of summons and complaint on Defendants.

**IT IS SO ORDERED.**

Date:  January 7, 2015          /s/ *Elizabeth A. Preston Deavers*
                                Elizabeth A. Preston Deavers
                                United States Magistrate Judge