# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**BENJAMIN HENDRICKS,** *et al.*,

    **Plaintiffs,**

    v.

Civil Action 2:14-cv-1841
Judge Gregory L. Frost
Magistrate Judge Elizabeth P. Deavers

**OHIO DEPARTMENT OF
REHABILITATION & CORRECTIONS,** *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiffs, state-inmates presently housed at Pickaway Correctional Institution ("PCI"), bring this action against Defendants[1] under 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the Americans with Disabilities Act.  This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint,

---

[1] Plaintiffs name Ohio Department of Rehabilitation & Corrections ("ODRC"), Pickaway Correctional Institute ("PCI"), Gary Mohr (Director of ODRC), Steve Huffman (Assistant Director of ODRC), Stuart Hudson (Regional Director of ODRC), Wanza Jackson (Religious Services Administer/ Coordinator at ODRC), Brian Cook (Warden at PCI), Mike Davis (Deputy Warden of Special Services at PCI), Doug Richards (Deputy Warden of Operations at PCI), Major Ratcliff (Major at PCI), Carole Crockett-Harris (Unit Manager Administrator and the ADA Coordinator at PCI), Ms. Rose (Unit Manager at PCI and assistant to Defendant Crockett-Harris), Timothy Prushing (Unit Manager for Frazier Health Center ("FHC") at PCI and assistant to Defendant Crockett-Harris); Oscar Young (Unit Manager at FHC at PCI and assistant to Defendant Crockett-Harris), Mary Lawrence (Inspector of Institutional Services at PCI), Ms. Igwe (Librarian at PCI), Ms. Oshobee (Assistant Librarian at PCI), James Dankwah (Educational Administrator at PCI), Jeremy Huffman (corrections officer at PCI), Chaplain Liu (State Chaplain at PCI), Sgt. Woods (Unit Sergeant at FHC at PCI), State of Ohio Building Inspector, State of Ohio Fire Marshall, John Doe Construction Company, and twenty-five (25) John/Jane Does as the Defendants in this case.

or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The Undersigned notes that the claims of Plaintiffs Austin, Carpenter, and Backus have been dismissed from this action. Thus, the remaining Plaintiffs in this action are Hendricks, Steidl, Dupuis, Nameth, Williams, Coverdale, Randall, and Lupinski.

I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> ***
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

---

[1] Formerly 28 U.S.C. § 1915(d).

2

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility of an inference depends on

3

a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank,* 727 F.3d at 504 (citations omitted). Further, the Court holds pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" n *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

The Court has reviewed Plaintiffs' Complaint, which contains approximately 140 paragraphs, and has determined that Plaintiffs' submission violates Federal Rule of Civil Procedure 8(a)'s requirement that a complaint contain a short, plain statement of the claim. Rule 8(a) provides as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Plaintiffs' current submission is deficient for a number of reasons. First, Plaintiffs fail to set out the particular facts that support each of their claims. Further, the Court is unable to discern which claims each Plaintiff seeks to assert against each Defendant. For example, Plaintiffs allege that "Defendants have deprived and continue[] to deprive Plaintiffs of their right

to free exercise of religion . . . by substantially burdening Plaintiffs' religious exercise without a compelling governmental interest and by discriminating against Plaintiffs." (Plaintiffs' Compl. ¶ 124, ECF 1.)  Here, Plaintiffs do not specify which Plaintiff(s) were deprived of their rights or which Defendant(s) deprived them of their right to exercise religion.  All claims in Plaintiffs' Complaint are similarly vague.

The Court reminds Plaintiffs that each of them lacks standing to assert the rights of others.  *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) ("A federal court's jurisdiction [] can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action"); *see also Dodson v. Wilkinson,* 304 F. App'x 434, 438 (6th Cir. 2008) (citing *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that a prisoner "'lacks standing to assert the constitutional rights of other prisoners'").  Thus, each Plaintiff's claims are limited to alleged violations of his own rights.

Plaintiffs are also reminded that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  Accordingly, Plaintiffs must plead facts from which the Court can determine that each individual Defendant deprived Plaintiffs of their rights under the Constitution and/or federal law.

Plaintiffs are **ORDERED** to correct the foregoing deficiencies within **THIRTY (30) DAYS**. To comply with this order, Plaintiffs must submit an amended complaint that complies with Rule 8(a)'s requirements, as set forth above.  More specifically, for each Defendant,

including the John and Jane Doe Defendants, Plaintiffs must include a "short and plain statement of the claim[s]" each seeks to advance, together with allegations showing that they are entitled to the relief sought.  *See* Fed. R. Civ. P. 8(a).  Plaintiffs are directed to remove immaterial allegations against the Defendants.  The Court cautions Plaintiffs that it may dismiss their action if they fail to timely comply with this Order.

Finally, it is **RECOMMENDED** that Plaintiff Hendricks' claims for injunctive relief be **DISMISSED AS MOOT** because he has been released from PCI.

Article III of the United States Constitution limits a federal court's exercise of judicial power to actual, ongoing "Cases" or "Controversies."  U.S. Const. art. III, § 2, cl. 1.  Article III's case-or-controversy requirement subsists throughout all stages of the litigation.  *United States v. Juvenile Male*, 131 S.Ct. 2860, 2864 (2011) (internal quotation marks and citation omitted) ("It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed.").  The doctrine of mootness is a corollary of Article III's case-or-controversy requirement.  "The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction."  15 James Wm. Moore *et al.*, Moore's Federal Practice § 101.9, at 101–238 (3d ed. 2011).

When an inmate files suit against prison officials at the institution of his incarceration based upon those officials' wrongful conduct seeking declaratory and injunctive relief, and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot.  *Sossamon v. Texas*, 131 S.Ct. 1651, 1669–70 (2011) (citations

6

omitted) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *see, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (inmate's request for injunctive relief mooted upon transfer from relevant prison); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) (same). This is because an inmate's transfer or release ends the alleged violations of his or her constitutional rights, which "render[s] the court unable to grant the requested relief." *Berger*, 983 F.2d at 724; *Fredette v. Hemingway*, 65 F. A'ppx 929, 931 (6th Cir. 2003) (concluding that an inmate's request for injunctive relief to prevent his transfer to another prison became moot upon the inmate's subsequent transfer because "the district court was unable to grant the relief requested").

"There is . . . an exception to the mootness doctrine for claims that are capable of repetition, yet evade review." *Fredette*, 65 F. A'ppx at 931 (citation omitted). This narrow, capable-of-repetition exception is limited to situations in which "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration" *and* "there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id*. (internal quotation marks and citations omitted).

Applying the foregoing principles to the instant case, the Undersigned concludes that Plaintiff Hendricks' injunctive relief claims are moot. Plaintiff Hendricks was released from PCI on November 24, 2014. (ECF No. 21.) Given that Plaintiff Hendricks has been released, an

entry of equitable relief would accomplish nothing. This Court does not have jurisdiction to accord Plaintiff Hendricks with prospective relief that has no effect or impact on Defendants. In addition, because Plaintiff Hendricks has no reasonable expectation that he will again be incarcerated at PCI, the capable-of-repetition exception to the mootness doctrine does not apply. Accordingly, it is **RECOMMENDED** that the Court dismiss any claims that Plaintiff Hendricks may assert for injunctive relief without prejudice as moot. Accordingly, to the extent that he remedies the above-mentioned deficiencies, Plaintiff Hendricks may only proceed on any plausible claims for monetary damages.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: February 13, 2015                     /s/ *Elizabeth A. Preston Deavers*
                                                                                          Elizabeth A. Preston Deavers
                                                                                          United States Magistrate Judge