UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BENJAMIN HENDRICKS,** *et al.***,**

    **Plaintiffs,**

  v.

    Civil Action 2:14-cv-1841
    Judge Gregory L. Frost
    Magistrate Judge Elizabeth P. Deavers

**OHIO DEPARTMENT OF
REHABILITATION & CORRECTIONS,** *et al.***,**

    **Defendants.**

### REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiffs' failure to respond to the Court's April 2, 2015 Show Cause Order. (ECF No. 29.) For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to Federal Rule of Civil Procedure 41(b).

**I.**

Plaintiffs[1] filed their Complaint on October 8, 2014, but failed to pay the required filing fee or submit applications to proceed *in forma pauperis* ("IFP"). (ECF No. 1.) On October 16, 2014, the Court ordered Plaintiffs to correct these deficiencies within thirty (30) days. (ECF No. 2.) On November 20, 2014, Plaintiffs requested an extension of time to file applications to proceed IFP, which the Court granted. (ECF Nos. 3, 5.) Plaintiff Backus also submitted a Motion to Withdraw as a named Plaintiff, which the Court granted. (ECF Nos. 4, 5.)

---

[1] The original Plaintiffs that signed and filed the Complaint include Benjamin Hendricks, Robert Austin, Earl Steidl, Geoffrey Dupuis, James Carpenter, John Nameth, Donald Williams, Gregory Backus, George Coverdale, Mark Randall, and Gerald Lupinski. (*See* Compl., ECF No. 1.)

By December 3, 2014, the Court received IFP applications from Plaintiffs Dupuis, Randall, Williams, Coverdale, Lupinski, Nameth, Steidl, and Hendricks. (ECF Nos. 6-13.) Because Plaintiffs Carpenter and Austin had not paid the filing fee or submitted applications to proceed IFP, the Court ordered them to do so within fourteen (14) days. (ECF No. 19.) The Court specifically warned Plaintiffs Carpenter and Austin that if they did not pay the filing fee or file an IFP application, they would be assessed the full filing fee for which they are responsible and would be dismissed from the action. *Id.*

On January 7, 2015, the Court granted the Motions for Leave to Proceed IFP of Plaintiffs Dupuis, Randall, Williams, Coverdale, Lupinski, Steidl, and Hendricks. (ECF No. 25). The Undersigned also recommended that Plaintiff Nameth's Motion to Proceed IFP be denied and that he be required to pay his portion of the filing fee, $40.00, within twenty (21) days. Plaintiff Nameth was specifically cautioned that failure to do so would result in dismissal of his claims. (ECF No. 25.) Finally, because they did not comply with the Court's previous Orders, the Undersigned recommended that Plaintiffs Carpenter and Austin be assessed the $40.00 filing fee and that their claims be dismissed for want of prosecution. *Id.* On January 28, 2015, the Court adopted the Report and Recommendation and denied Plaintiff Nameth's Motion for Leave to Proceed IFP and dismissed Plaintiffs Carpenter and Austin from the action. (ECF No. 26.)

On February 13, 2015, the Undersigned conducted an initial screen of Plaintiffs' Complaint pursuant to 28 U.S.C. § 1915(e)(2) and concluded that Plaintiffs' Complaint violates Federal Rule of Civil Procedure 8(a)'s requirement that a complaint must contain a short, plain statement of the claim(s). (ECF No. 27.) Specifically, the Undersigned found that Plaintiffs failed to set out the particular facts that support each claim. Further, the Undersigned could not

2

discern which claims each Plaintiff intended to assert against each Defendant. Rather than recommending dismissal of Plaintiffs' Complaint on this basis, the Court afforded Plaintiff an opportunity to remedy the deficiencies and ordered that they do so within thirty (30) days. The Court specifically cautioned Plaintiffs that the Court may dismiss their action if they failed to timely comply with the Order. *Id.*

Plaintiffs did not correct the deficiencies in their Complaint within thirty (30) days as ordered by the Court. Accordingly, on April 2, 2015, the Court again ordered Plaintiffs to file an amended complaint that complies with the Court's February 13, 2015 Order within fourteen (14) days or to show cause why this case should not be dismissed with prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 29.) Plaintiffs were once again specifically cautioned that failure to comply with the Court's Order would likely result in dismissal of this action with prejudice. To date, Plaintiffs have not corrected the deficiencies in their Complaint as ordered by the Court on February 13, 2015, nor have they responded to the Court's April 2, 2015 Show Cause Order.

## II.

The Court's inherent authority to dismiss a plaintiff's action because of his or her failure to prosecute or comply with rules or court orders is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Link v. Walbash R. Co.*, 370 U.S. 626, 629-31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir.

1999). Furthermore, "it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." *Rogers v. City of Warren*, 302 F. App'x. 371, 375 n.1 (6th Cir. 2008).

The United States Court of Appeal for the Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III.

Here, the record demonstrates such delay and contumacious conduct. After Plaintiffs failed to comply with the Court's February 13, 2015 Order, the Court ordered Plaintiffs to either amend their Complaint to correct its deficiencies or to show cause why this case should not be dismissed with prejudice for want of prosecution. Both the February 13, 2015 Order and the April 2, 2015 Show Cause Order provided Plaintiffs with adequate notice of the Court's intention to dismiss for failure to prosecute if they did not comply and supplied them with a reasonable period of time to do so. The April 2, 2015 Show Cause Order also provided Plaintiffs with an opportunity to show cause and explain why this case should not be dismissed with

prejudice for want of prosecution. Because Plaintiffs have continuously missed deadlines and disregarded Court Orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiffs' action under Rule 41(b).

Additionally, to date, Plaintiff Nameth has not complied with the Court's January 28, 2015 Order to pay the $40.00 filing fee. Accordingly, for this additional reason, it is **RECOMMENDED** that Plaintiff Nameth's claims be **DISMISSED WITH PREJUDICE** for want of prosecution.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: April 30, 2015  /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge